IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RENEE A. CHRUSTOWSKI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 24-36-CFC |
| | ) |
| BEST BUY, | ) |
| | ) |
| Defendant. | ) |

**<u>MEMORANDUM OPINION</u>**

Renee A. Chrustowski, Middletown, Delaware – *Pro Se* Plaintiff

February 18, 2025
Wilmington, Delaware

**CONNOLLY, Chief Judge:**

## I. INTRODUCTION

On January 11, 2024, Plaintiff Renee A. Chrustowski filed this civil action *pro se*. (D.I. 1.) Plaintiff has been granted leave to proceed *in forma pauperis*. (D.I. 5.) The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(b).

## II. BACKGROUND

The following facts are taken from the Complaint and assumed to be true for purposes of screening the Complaint. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021). On November 17, 2021, Plaintiff bought an Apple iPhone 13 and traded in her old iPhone at a Best Buy in Newark, Delaware. (*See* D.I. 1 at 2, 4.) Plaintiff alleges that, on that date, "employees of the store harassed [her] and stole [her] information to use against [her] and cause [her] harm [and] damages." (*Id.* at 4.) Then, on March 22, 2023, Plaintiff bought a television (TV) from the same Best Buy location for $2,799.98. (*Id.*) The television was supposed to be delivered to Plaintiff's home, but after the delivery date was changed twice, Plaintiff "had to cancel [her] TV because of the harassment." (*Id.*) On April 7, 2023, Plaintiff submitted an online complaint to the Better Business Bureau regarding the issues she had with the delivery of the television. (*Id.*)

Plaintiff alleges that the foregoing raises federal questions involving discrimination and harassment, in addition to presenting diversity jurisdiction. (*Id.* at 3.) Plaintiff has named the Newark Best Buy, as well as Best Buy's Headquarters in Minneapolis, Minnesota, as Defendants. (*Id.* at 2.) Plaintiff seeks "$20,000,000.00 in punitive damages for harassment and for damages [Defendants] caused" as well as "compensatory damages awarded for justice because [Plaintiff] was wronged by Best Buy." (*Id.* at 4.)

## III. SCREENING OF COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

2

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). Rather, a claim is deemed frivolous only where it relies on an "'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario.'" *Id*.

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014) (per curiam). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id*. at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016).

3

Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV. DISCUSSION

Employing the less stringent standard afforded to *pro se* litigants, *see Erickson*, 551 U.S. at 94, the Court discerns no basis for a civil discrimination or harassment claim within its jurisdiction from the allegations in the Complaint. The Complaint alleges that, in 2021, Plaintiff traded in her mobile phone and purchased a new phone from the Newark Best Buy. (D.I. at 4.) The Complaint further alleges that, in 2023, Plaintiff purchased a television from the same Best Buy, but Plaintiff then cancelled the purchase after the television's delivery date was rescheduled twice. (*Id.*) Discriminatory treatment or harassment by Defendants cannot be plausibly inferred from either commercial transaction as alleged.[1]

Title II of the Civil Rights Act, which prohibits discrimination in places of public accommodation, does not apply to retail establishments, like Defendants. *See*

---

[1] The Court cannot credit the statements in the Complaint regarding individual employees harassing Plaintiff and stealing her information in 2021, *see* D.I. 1 at 4, without facts alleged to support these assertions and conclusions, *see Iqbal*, 556 U.S. 662. Additionally, these individuals have not been named as parties to this action.

4

42 U.S.C. § 2000a(b)(2); *see, e.g, McCrea v. Saks, Inc.*, 2000 WL 1912726, at *2 (E.D. Pa. Dec. 22, 2000). Further, the Complaint makes no mention of Plaintiff belonging to any Title II protected group. (*See* D.I. 1.)

Similarly, the facts alleged do not support a claim of racial discrimination in contractual relationships, in violation of 42 U.S.C. § 1981. "To establish a claim under Section 1981, the plaintiff must show that (1) she is a member of a racial minority; (2) the defendant had an intent to discriminate on the basis of race; and (3) the discrimination concerned one or more of the activities enumerated in the statute (i.e., the making and enforcing of a contract)." *McCrea*, 2000 WL 1912726, at *3. The Complaint makes no mention of Plaintiff's race, it makes no allegations regarding the contracts for the mobile phone trade-in and sale, and it indicates that Plaintiff herself cancelled the 2023 television purchase and delivery contract. (*See* D.I. 1.)

Moreover, no intent to harass or discriminate, racially or otherwise, by Defendants can be discerned from the alleged attempts to reschedule the delivery of the television, the sale of the television, or the preceding mobile phone trade-in and sale. (*See* D.I. 1.) Thus, regardless of whether Plaintiff has established diversity jurisdiction, by naming Best Buy's Headquarters in Minnesota as a party to this case, and seeking $20 million in punitive damages, the Court finds Plaintiff's claims to be

5

frivolous and amendment to be futile. *See Dooley v. Wetzel*, 957 F.3d. at 374 (deeming a claim frivolous when it is clearly baseless or relies on an indisputably meritless legal theory). As such, the Complaint will be dismissed, and Plaintiff will not be given leave to amend.

## V.  **CONCLUSION**

For the above reasons, the Court will dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). (D.I. 1.) As amendment is futile, the Court will dismiss the case with prejudice and close the case.

An appropriate Order will be entered.